**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ELVIRA PUENTE** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **Civil Action No. _____** |
| **VS.** | § | |
| | § | |
| | § | |
| **COMCAST OTR1, LLC** | § | |
| *Defendant.* | § | **JURY DEMANDED** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

NOW COMES, Plaintiff Elvira Puente (hereinafter referred to as "Plaintiff") and files this this *Complaint,* and in support state as follows:

**PARTIES**

1.     Elvira Puente is a citizen of the State of Texas and is domiciled in Houston, Texas.

2.     Defendant Comcast OTR1, LLC (hereinafter referred to as "Defendant") is a corporation whose principal place of business is located at 1701 John F. Kennedy Blvd, Philadelphia, PA 19103-2838 USA. Defendant's state of incorporation is Pennsylvania. The defendant may be served with process by serving summons and a copy of this Complaint by serving its agent of process at: Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin Texas 78701 USA.

**JURISDICTION**

3.     This Court has diversity jurisdiction pursuant to 28 USC § 1332 based on the complete diversity of citizenship between the parties and because the amount of controversy exceeds $75,000.00.

1

**VENUE**

4.       Venue is proper in the Southern District of Texas because Plaintiff's losses occurred in Harris County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to Plaintiff's claims and causes of action occurred in Harris County, Texas, which is within the Southern District of Texas.

**FACTS**

5.       On or about June 18, 2025, Defendant Comcast OTR1, LLC, (hereinafter referred to as "Defendant") had completed a construction job on a powerline and electrical meter at and/or near Plaintiff's property, which is located at 206 Greenwood St. Houston, Texas 78260 (hereinafter referred to as the "Property").

6.       Defendant, along with its employees, agents, contractors, and any other individuals acting on its behalf (hereinafter the "Installation Team") had a duty to conduct its work in a safe and workmanlike manner, so that it did not cause damage to other nearby properties.

7.       Upon information and belief, the construction job included, but was not limited to, installing an electrical meter and repairing or constructing a powerline.

8.       During the course and scope of the work, the Installation Team engaged in improper and unsafe practices that resulted in negligent work.

9.       Defendant's actions and/or omissions from its faulty, improper and unsafe work resulted in a fire that erupted that spread to Plaintiff's Property. Defendant negligently installed or serviced any electrical services to our clients property.

10.     As a direct and proximate result of Defendant's conduct, the power line and meter box ignited a fire that rapidly spread to Plaintiff's Property, causing extensive damage to Plaintiff's real and personal Property.

11.     At the time of the incident, Plaintiff was inside the home and was forced to evacuate due to the immediate and life-threatening danger created by Defendant's improper installation and failure to exercise ordinary care.

12.     Action was swiftly taken, and emergency services were called to the scene.

13.     Shortly after the fire ignited, the Houston Fire Department arrived at the scene and worked to extinguish the flames.

14.     According to the official fire report prepared by the Houston Fire Department, the investigators determined that the fire originated on the southeast corner of the structure, in close proximity to the electrical service in the area installed by Defendant, including its agents, employees, and subcontractors.

15.     Investigators observed thermal damage to the immediate area surrounding the service entrance on the exterior wall, which suggests that an electrical event occurred.

16.     As a result of Defendant's negligent acts and/or omissions, Plaintiff has sustained significant damages, including, but not limited to, extensive property damage to both the interior and exterior of their home. The affected areas include, but are not limited to, the roof, foyer/entryway, living room, kitchen, laundry room, garage, hallway, multiple bedrooms, and multiple bathrooms.

17.     Since the fire and the subsequent mandatory evacuation, Plaintiff has been under a high level of stress since she has been unable to return to her residence, and she has been incurring substantial unexpected additional living expenses and other damages.

18.  The damage to Plaintiff's property would not have occurred but for Defendant's negligent acts and/or omissions during the scope and course of the work.

19.  Since the fire, Plaintiff has taken steps towards resolving the claim, as Plaintiff has filed a claim with Defendant's insurance, Claim No. ECM0014708421.

20.  January 8, 2026, Plaintiff, through counsel, sent a demand letter to Defendant demanding payment for the damages caused by the fire since Plaintiff has not been adequately compensated for her losses.

## CAUSES OF ACTION

### Negligence

16.  On or about June 18, 2025, Defendant Comcast OTR1, LLC ("Defendant") performed electrical and/or construction work involving a power line, electrical meter, and related electrical service components at or near Plaintiff's residence located at 206 Greenwood St., Houston, Texas 78260 (the "Property").

17.  Defendant, acting through its employees, agents, contractors, and subcontractors, owed Plaintiff a duty to exercise ordinary care and to perform its work in a safe and workmanlike manner so as not to create an unreasonable risk of harm to persons or property.

18.  Defendant breached its duty of care by negligently installing, servicing, repairing, or otherwise working on electrical service components, including the power line and electrical meter servicing the Property.

19.  Defendant's negligent acts and omissions include but are not limited to a) Failing to properly install and secure electrical service components; b) Failing to follow applicable electrical codes, standards, and safety practices; c) Failing to properly inspect electrical equipment and connections; and d) Creating a dangerous electrical condition at or near the Property.

20.     As a direct and proximate result of Defendant's negligence, an electrical malfunction and/or electrical event occurred, which ignited a fire that originated near the electrical service area and spread to Plaintiff's residence.

21.     The fire caused substantial damage to Plaintiff's real and personal property, including extensive structural damage to the residence and damage to personal property contained therein. Plaintiff has also incurred additional living expenses and other consequential damages as a result of being unable to safely occupy the residence following the fire.

22.     Plaintiff's damages were proximately caused by Defendant's negligent acts and omissions, and such damages would not have occurred but for Defendant's conduct.

### Negligent Hiring, Training and Supervision

23.     Defendant Comcast OTR1, LLC owed a duty to Plaintiff to exercise reasonable care in the hiring, training, supervision, and retention of its employees, agents, contractors, and subcontractors performing electrical and construction work at or near the Property.

24.     Defendant breached this duty by failing to properly hire, train, supervise, and/or retain competent personnel qualified to safely perform electrical installation and related work.

25.     Defendant knew or, through the exercise of reasonable care, should have known that its employees, agents, or contractors were unfit, untrained, or otherwise incompetent to safely perform the work being undertaken.

26.     As a direct and proximate result of Defendant's negligent hiring, training, supervision, and retention, the electrical work performed at or near Plaintiff's Property was conducted in a negligent and unsafe manner, resulting in an electrical malfunction that ignited a fire which caused substantial damage to Plaintiff's home and personal property.

27.    Plaintiff's damages were proximately caused by Defendant's negligent hiring, training, supervision, and retention.

## Negligence Per Se

28.    Defendant violated applicable electrical safety codes, building codes, and other statutes and regulations governing the installation and servicing of electrical components, including but not limited to Texas Occupations Code, §1305.201, which is intended to protect persons and property from fire hazards.  Such violations constitute negligence per se. Defendant's statutory violations were a proximate cause of the fire and the damages sustained by Plaintiff.

## Res Ipsa Loquitur

29.    The occurrence made the basis of this lawsuit is of a type that does not ordinarily occur in the absence of negligence. The electrical service components and related equipment that caused the fire were installed, serviced, and/or controlled by Defendant and its agents. Accordingly, the doctrine of res ipsa loquitur applies, and the negligence of Defendant may be inferred from the occurrence itself.

## Vicarious Liability / Respondeat Superior

30.    At all relevant times, Defendant Comcast OTR1, LLC acted through its employees, agents, contractors, and/or representatives who were performing work on behalf of Defendant at or near the Property.

31.    At the time of the events made the basis of this lawsuit, such individuals were acting within the course and scope of their employment and/or agency with Defendant and in furtherance of Defendant's business.

32.    The negligent acts and omissions of Defendant's employees, agents, contractors, and/or representatives, including the negligent electrical work described herein, are imputed to

Defendant under the doctrine of respondeat superior. Defendant is vicariously liable for the acts and omissions of its employees, agents, contractors, and representatives, which proximately caused the fire and the damages sustained by Plaintiff.

## JURY DEMANDED

Plaintiff requests that all causes of action herein be tried before a jury consisting of citizens residing in Harris, County, Texas. Plaintiff tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, and all punitive and exemplary damages that may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgement and postjudgement interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Dated: March 24, 2026

Respectfully submitted,

*/s/ Omar Ochoa*
Omar Ochoa
Texas State Bar No. 24079813
**OMAR OCHOA LAW FIRM PC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
civilcomplex@omarochoalaw.com

***Attorney for Plaintiff***

7